MAX N. TOBIAS, JR., Judge.
I,On the showing made, we grant the writ application of the Louisiana Department of Health and Hospitals, Office of Behavioral Health, Eastern Louisiana Mental Health System; vacate the trial court’s judgment insofar as the court ordered the defendant/respondent, Chelsea Thornton, to be returned to the Feliciana Forensic Facility pending, trial; and remand this matter to the trial court for entry of an order directing that Ms. Thornton be transferred to Orleans Parish Prison into the custody of the Orleans Parish Sheriff pending trial or until it is medically necessary that she be transferred to a medically appropriate treatment facility should she once again become medically unfit for trial.
La.C.Cr.P. art. 649A states:
At any time after a defendant’s commitment, if either the superintendent of the mental institution or the administrator of outreach forensic services reports to the committing court that the defendant presently has the mental capacity to proceed, the defendant, if hospitalized, shall be discharged from, the mental institution and released to the custody of the sheriff of the parish from which the defendant was committed, and the court shall hold a contradictory hearing within thirty days on that issue. No defendant shall be released prior to the holding of the contradictory hearing on his release unless the office of the district attorney in charge of the prosecution |2of the defendant receives seven days notice of the pending release of the defendant. [Emphasis added.]
In accordance with this article, the Court conducted the requisite hearing and determined the defendant to be “competent and able to stand trial.” Having made that finding, the mandatory language of the statute offers the trial court and this court no discretion to direct that the accused be held at the Feliciana facility pending trial.[1]
SUPERVISORY WRIT GRANTED; JUDGMENT VACATED; REMANDED WITH INSTRUCTIONS.

. This is not to say that should Ms. Thornton decompensate on multiple occasions while in the sheriff's custody making her again unfit for trial that it may not at some point in the future be appropriate to direct that she remain in the treatment facility until her trial. We do not presently address the wisdom of the statute or the potential for cruelty to which a transfer to the sheriff's custody might subject the accused.